UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID SNYDER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:08-CV-470 JD |
| | ) |
| JACK D. TILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiffs' Motion for Review of Magistrate Judge's Order on Defendants' Motion for Rule 35 Examination [DE 107]. Magistrate Judge Christopher Nuechterlein issued the order in question on June 20, 2011. Plaintiffs filed their motion, styled as a "Rule 72 Objection," on July 1.[1] Defendants responded on July 15, and Plaintiffs filed a reply on July 22. For the following reasons, the Court **DENIES** Plaintiffs' motion.

## BACKGROUND

David Snyder and his wife Dorothy filed this action under 42 U.S.C. § 1983 alleging federal constitutional violations, state constitutional and statutory violations, and torts in the course of Jack Tiller's September 2007 arrest of Snyder. Snyder alleges that he sustained various injuries during the illegal arrest, including post-traumatic stress disorder, and aggravation of his multiple sclerosis. *See* DE 96 at 1. Snyder has sought treatment for his injuries both locally and in Chicago, Illinois. *Id.* at 2.

Snyder has agreed to be examined by expert physicians within the Northern District of

---

[1] The Court laments Plaintiffs' mis-styling of their motion for review, and it is not without consequence: Properly filing motions as such ensures that the Court is aware that a matter requires its ruling, and had Plaintiffs correctly styled their "objection" as a motion, doubtless the Court would have issued this ruling some time ago.

1

Indiana, including in Merrillville, Indiana, near to the Illinois border. But he refuses to travel outside the judicial district to Chicago to meet with Defendants' expert physicians. On May 26, 2011, Defendants filed a motion to compel Snyder to be examined in Chicago. They argued that Snyder should be subject to examination and that traveling into Chicago would not be an undue burden on Snyder, especially in light of the fact that he travels outside the judicial district regularly and has traveled to Chicago by train at least eleven times to receive treatment for the very injuries at issue in this case. *Id.* at 5. Defendants have also offered to pay Snyder's travel expenses to Chicago for the examination. *Id.*

Snyder did not object to Defendants' right to conduct an independent medical examination, or the qualifications of the experts that Defendants have selected. *See* DE 102 at 2. His sole contention was that he should not be required to travel outside of the Northern District of Indiana because the stress of travel could aggravate the symptoms of his injury. *Id.* The magistrate judge granted the motion and ordered Snyder to travel to Chicago for the examination. *Id.* at 3. The magistrate judge noted that while Snyder claimed that travel could aggravate his symptoms, he offered no evidence to support that claim. *Id.* Further, the magistrate judge concluded that the evidence showed that conducting the examination in Chicago would not be an undue burden: Snyder routinely traveled outside the district, including driving a greater distance to Indianapolis and taking the train to Chicago for medical treatment several times. *Id.* The magistrate judge also noted that any financial burden caused by the trip was alleviated by Defendants' offer to pay for the trip. *Id.*

## DISCUSSION

When reviewing a magistrate judge's order on a nondispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

Snyder raises two objections in his motion for review, but neither compel the Court to set aside or modify the magistrate judge's order. First, he argues that the order was contrary to law because it deviated from the general rule that Rule 35 examinations are to occur in the forum where the action is pending. An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, No. 3:05-MD-527, 2009 WL 5217341, at *3 (N.D. Ind. Dec. 28, 2009) (internal citations omitted). But even if examinations within the forum were a well-established general rule, despite Snyder's inability to point to any decisions reflecting this rule within the Seventh Circuit, his argument would not support his motion for review. At most, it would suggest (as Snyder argues) that the burden should be upon Defendants to justify an out-of-district examination. And it is clear from the magistrate judge's order that he found an examination in Chicago—the closest major metropolitan area to the district and located only a few miles from the district's western border—was appropriate regardless of who was required to establish the existence or lack of undue burden. Given the evidence of Snyder's frequent trips to Chicago and other points outside the district, the magistrate judge's factual finding in this regard was not clearly erroneous.

Synder's second objection fares no better. He argues that the magistrate judge erred when he "indicate[d] that the Plaintiffs provided no evidence that travel outside the judicial district was unduly burdensome to Plaintiffs." *See* DE 107 at 2–3. This was error, according to Snyder,

3

because he did have evidence that he is uncomfortable traveling by train and in crowded atmospheres. What the order actually says, however, is that Snyder did not have any evidence to support his contention "that traveling long distances *could cause an aggravation of his symptoms*." *Id.* at 3 (emphasis added). That statement was accurate. And it was not clearly erroneous for the magistrate judge to conclude that Snyder's objections to traveling to Chicago were both unconvincing (in light of his regular use of the South Shore train) and outweighed by the evidence that he had already agreed to travel within the district and regularly traveled outside the district for his own purposes.

## **CONCLUSION**

Because the magistrate judge's order is neither clearly erroneous nor contrary to law, the Court **DENIES** Snyder's motion for review [DE 107].

**SO ORDERED.**

ENTERED:   October 5, 2011

       /s/ JON E. DEGUILIO
Judge
United States District Court